**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHEILA RAE TAYLOR,** | ) | **CASE NO. 1:14CV686** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>**:

This matter comes before the Court upon Plaintiff's Objections (ECF DKT #19) to the Report and Recommendation (ECF DKT #18) of Magistrate Judge McHargh, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 4161 (i) and 423. For the following reasons, the Court ADOPTS Magistrate Judge McHargh's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim.

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's

1

Report and Recommendation provides a more complete and detailed discussion of the facts. Due to the nature of this case, there is an extensive medical background. For a complete overview of Plaintiff's medical history, see Magistrate Judge McHargh's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On June 2, 2011, Plaintiff filed an Application for a Period of Disability and Disability Insurance benefits, alleging that she became disabled on August 15, 2009. The Social Security Administration denied Plaintiff's application on initial review and upon reconsideration. A hearing was held before the Administrative Law Judge ("ALJ") on August 14, 2012. Plaintiff was represented by counsel and testified before the ALJ. On January 24, 2013 , the ALJ issued a decision, finding Plaintiff was not disabled. Plaintiff requested review of the ALJ's decision from the Appeals Council. The Appeals Council denied Plaintiff's request, making the ALJ's determination the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision.

## DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See 42 U.S.C. §§ 423, 1381.* A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See 20 C.F.R. §§ 404.1505, 416.905.*

## STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence and whether, in making that decision, the

Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001);  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed.  *Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v.Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision.  *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## LAW AND ANALYSIS

The Magistrate Judge determined that the decision of the Commissioner that Plaintiff is not credible is supported by substantial evidence.  Plaintiff asserts that the decision should be reversed and that the Magistrate Judge's credibility analysis was flawed.

The Magistrate Judge points out that generally, "[a]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the] ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (*citing*

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Notwithstanding, the ALJ's credibility finding must be supported by substantial evidence, *Walters*, 127 F.3d at 531, as the ALJ is "not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.' " *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (*quoting* S.S.R. 96-7p, 1996 WL 374186, at *4).

In this case, the ALJ concluded that Plaintiff's statements as to the intensity and limiting effects of her symptoms were not entirely credible based on the testimony and statements made in her disability application, medical and other evidence. In her decision, the ALJ explained that Plaintiff testified that she spent significant portions of the day in bed with her legs elevated due to her impairments. However, one of her treating doctors recommended that Plaintiff should perform regular exercise, including stretching and walking. Plaintiff states that she could carry no more than five pounds on a regular basis, however, the ALJ recounted that physical examinations showed that she had a full range of motion in her neck, shoulders, elbows and wrists, as well as excellent strength in her hands and no inflammatory synovitis in her peripheral joints.

The Sixth Circuit follows a two-step process in evaluating a claimant's subjective complaints of disabling pain. 20 C.F.R. §§ 404.1529, 416.929*; Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). First, the ALJ must determine whether the claimant has an underlying medically determinable impairment which could reasonably be expected to produce the claimant's symptoms. *Rogers*, 486 F.3d at 247. Second, if such an impairment exists, then the ALJ must evaluate the intensity, persistence and limiting effects of the symptoms on the claimant's ability to work. *Id.*

The Court agrees with the Magistrate Judge that the ALJ's decision includes sufficient reasons to support the adverse credibility finding. In Plaintiff's Objections to Report and Recommendation, she argues that her allegations of pain have been taken seriously by every examining physician. The Magistrate Judge shows that the ALJ

4

considered Plaintiff's symptoms and concluded that Plaintiff did perform some level of activity and thus had the ability to work.

The Magistrate Judge points out that it was not necessary for the ALJ to note that Plaintiff's alleged inactivity may be attributed to her own preference. However, the record reflects that the rheumatologist encouraged regular physical activity, but questioned whether Plaintiff was compliant, suggesting that Plaintiff's motivation, rather than her physical impairments, were the cause of inactivity.

The ALJ did not question Plaintiff's credibility because she is not bed-ridden or requires around-the-clock care, but rather provided other independent and reasonable grounds for concluding that Plaintiff was less than fully credible. The ALJ found inconsistencies between Plaintiff's testimony about her ability to perform routine daily activities and her allegations of disabling impairments. Plaintiff testified that she is able to drive occasionally, prepare meals in the microwave, go to the store with her sister, play cards and games occasionally, take care of her personal needs independently and do laundry if she sits while folding clothing. The ALJ was justified in her consideration of Plaintiff's daily life activities when assessing her credibility.

The Court agrees with the Magistrate Judge that the mere diagnosis of a condition does not speak to its severity or indicate the functional limitations caused by the ailment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990). Although Plaintiff argues that her complaints of leg pain have been consistent and were supported by a diagnosis of symptomatic diabetic neuropathy, the fact that the rheumatologist diagnosed Plaintiff with diabetic neuropathy is not enough to show that Plaintiff's complaints of pain were disabling or entitled to deference.

### CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for a Period

of Disability and Disability Insurance is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #18) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 8/10/15**

                                      s/Christopher A. Boyko
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**